UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
JOJUAN BURNS,                              :
                                           :
            Petitioner,                    :    Civ. No. 13-5485 (RBK)
                                           :
      v.                                   :    **OPINION**
                                           :
JORDAN HOLLINGSWORTH, Warden               :
                                           :
            Respondent.                    :
_____        :

**ROBERT B. KUGLER, U.S.D.J.**

## I.   INTRODUCTION

Petitioner is a federal prisoner currently incarcerated at F.C.I. Fort Dix in Fort Dix, New Jersey. He is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Petitioner claims that a prison disciplinary finding lacked "some evidence" and that his due process rights were violated during a prison disciplinary hearing. For the following reasons, the habeas petition will be denied.

## II.   BACKGROUND

According to the prison discipline hearing report, on November 10, 2012, a cell phone was found in 5711, room # 317. The phone was then analyzed and a number was found on the cell phone that was only on the approved phone list of petitioner. Petitioner had previously called this number using the TRUFONE system at F.C.I. Fort Dix.

On February 27, 2013, a United Disciplinary Committee referred the incident report to the Discipline Hearing Officer ("DHO"). Petitioner was then informed of his rights in preparation for the DHO hearing. Petitioner indicated that he wished to have B. Jones represent

him as a staff representative at the DHO hearing. Petitioner further indicated that he did not wish to have any witnesses. (*See* Dkt. No. 5-8 at p. 2.)

On March 13, 2013, a DHO hearing was held. Bobby Jones represented petitioner at the hearing. The DHO report also indicates that petitioner did not request any witnesses at the hearing. Petitioner stated at his hearing that he did not possess the phone and that inmate Johnson would say that he made the call. When asked whether the number was on his approved list, petitioner stated that it was on his list, but that other people also had that number on their approved list as well. (*See* Dkt. No. 1 at p. 10.)

The DHO took into consideration the fact that the number was tied to petitioner as well as petitioner's statement to the investigating lieutenant that he recognized the phone numbers. Accordingly, petitioner was found to have violated Code 108A, prohibited act of possession, manufacture, or introduction of a hazardous tool, aiding or attempting. Petitioner received a sanction of the disallowance of forty days good conduct time among other sanctions.

Petitioner appealed the DHO's decision to the Regional Director. The Regional Director determined that petitioner did not request a witness and that the DHO reasonably determined that petitioner committed the prohibited act. Petitioner appealed this decision to the Bureau of Prisons' ("BOP") Central Office. The Central Office did not respond to petitioners appeal.

On September 16, 2013, this court received petitioner's petition for writ of habeas corpus. Petitioner argues that the DHO's decision was improper as it lacked evidence. Furthermore, petitioner argues that his due process rights were violated when he was not allowed to call a witness, inmate Johnson, at his hearing. Petitioner claims that he wanted to call Johnson because "he admitted that he was in fact the individual who made the single call that . . . was being attributed to [petitioner]." (Dkt. No. 1 at p. 8.)

Respondent answered the petition on December 9, 2013.  The Court received petitioner's reply to the answer on January 6, 2014.

### III.   DISCUSSION

A.  Claim I

In Claim I, petitioner argues that there was insufficient evidence before the DHO to find petitioner guilty.  As noted by the United States Court of Appeals for the Third Circuit:

> Federal prisoners serving a term of imprisonment of more than one year have a statutory right to receive credit toward their sentence for good conduct.  *See* 18 U.S.C. § 3624(b); 28 C.F.R. § 523.20 (2008).  When such a statutorily created right exists, "a prisoner has a constitutionally protected liberty interest in good time credit."  *Young v. Kann*, 926 F.2d 1396, 1399 (3d Cir. 1991) (citing *Wolff v. McDonnell*, 418 U.S. 539, 556-57, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974)). . . .
>
> [A] prisoner's interest in good time credits "entitle[s] him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated."  *Wolff*, 418 U.S. at 557, 94 S. Ct. 2963.  "[R]evocation of good time does not comport with the minimum requirements of procedural due process unless the findings of the prisoner disciplinary [officer] are supported by some evidence in the record."  *Superintendent v. Hill*, 472 U.S. 445, 454, 105 S. Ct. 2768, 86 L. Ed. 2d 356 (1985) (internal quotation marks and citation omitted).  As this court has clarified, the "some evidence standard is a standard of appellate review to be applied by the district court rather than a burden of proof in a prison disciplinary proceeding.  *See Brown v. Fauver*, 819 F.2d 395, 399 n. 4 (3d Cir. 1987).

*Denny v. Schultz*, 708 F.3d 140, 144 (3d Cir. 2013) (footnote omitted).  The "some evidence" "standard is minimal and does not require examination of the entire record, an independent assessment of the credibility of the witnesses, or a weighing of the evidence."  *Lang v. Sauers*, 529 F. App'x 121, 123 (3d Cir. 2013) (citing *Thompson v. Owens*, 889 F.2d 500, 502 (3d Cir. 1989)).  Instead, "the relevant inquiry asks whether 'there is any evidence in the record that

3

could support the conclusion reached by the disciplinary board.'" *Id.* (quoting *Hill*, 472 U.S. at 455-56).

In this case, the DHO noted that a phone number found on the cell phone matched a phone number that petitioner had called previously from F.C.I. Fort Dix.  Furthermore, the DHO further noted that this phone number was only on the approved list of phone numbers for petitioner, petitioner admittedly recognized the phone number.

While the cell phone in question was not found within petitioner's possession, courts have found that the presence on a cell phone of a number which only appears on a particular inmate's approved phone list constitutes "some evidence" that such inmate possessed the cell phone in question.  *See Ester v. Fed. Bureau of Prisons*, No. 11-319, 2012 WL 3984589, at *4 (E.D. Tex. Aug. 14, 2012) (citing *Corpening v. Johns*, No. 11-2057, 2012 WL 3228814 (E.D.N.C. Aug. 6, 2012); *Rizo v. Rios*, No. 11-1009, 2011 WL 2671465 (C.D. Ill. July 8, 2011); *Franco v. Adler*, No. 09-0325, 2011 WL 826256 (E.D. Cal. Mar. 2, 2011), *report and recommendation adopted by*, 2011 WL 1219260 (E.D. Cal. Mar. 30, 2011); *Marin v. Bauknecht*, No. 07-0165, 2007 WL 3377152 (D.S.C. Nov. 9, 2007)), *report and recommendation adopted by*, 2012 WL 3984571 (E.D. Tex. Sept. 10, 2012); *see also Briggs v. Quintana*, No. 13-0330, 2014 WL 320591, at *5 (E.D. Ky. Jan. 29, 2014) (finding "some evidence" where "the fact that the telephone number dialed from the cell phone found in the ice machine belonged to Briggs' sister; and the fact that this very same telephone number was on Briggs' approved phone list and *not* on the approved phone list of any other FCI-McKean inmate") (emphasis in original); *Zebrowski v. Gutierrez*, No. 11-9254, 2013 WL 6709762, at *13 (C.D. Cal. Dec. 11, 2013) ("The federal courts repeatedly have found that evidence of the sort involved here – a cell phone discovered outside of the inmate's immediate presence but containing only evidence tying it to a

phone number that appears only on the inmates approved phone list – is sufficient to satisfy the 'some evidence' standard.") (citation omitted).

In this case, petitioner has failed to show that the DHO's decision lacked "some evidence." Indeed, the fact that a phone number found on the cell phone was only on petitioner's approved list coupled with petitioner's statement that he recognized the number was enough to meet the minimally stringent "some evidence" standard that petitioner aided/attempted to possess a hazardous tool. Accordingly, petitioner has failed to establish that he is entitled to federal habeas relief on Claim I.

  B. Claim II

In Claim II, petitioner argues that his procedural due process rights were violated during his prison disciplinary hearing because he requested inmate Johnson appear as a witness on his behalf. According to petitioner, he wanted to call inmate Johnson because he had admitted that he was the individual who made the single call that was attributed to the phone number on petitioner's approved list.

Petitioner is afforded the following procedural due process protections at his prison disciplinary hearing: (1) a written notice of the charges at least 24 hours prior to a hearing; (2) an opportunity to call witnesses and present evidence in his defense; (3) an opportunity to receive assistance from an inmate representative; (4) a written statement of the evidence relied on and the reasons for the disciplinary action; and (5) appearing before an impartial decision making body. *See Crosby v. Piazza*, 465 F. App'x 168, 171-72 (3d Cir. 2012) (per curiam) setting forth the due process protections espoused in *Wolff*) (citing *Wolff*, 418 U.S. at 563-71). As noted above, petitioner argues that he was not permitted to present a witness (inmate Johnson) at his hearing.

A review of the record indicates that petitioner fails to show that he is entitled to federal habeas relief on this claim. After being advised of his rights, petitioner signed a document on February 28, 2013, indicating that he did not wish to have any witnesses at his disciplinary hearing. (*See* Dkt. No. 5-8 at p. 2.) Additionally, the DHO report also indicates that petitioner did not request any witnesses at his disciplinary hearing. Finally, respondent included a declaration of Bobby Jones, who was petitioner's staff representative at his disciplinary hearing. Mr. Jones states as follows in his declaration:

> I recall prior to the DHO hearing, Petitioner requested that I speak with another inmate to obtain a witness statement from him. I do not recall the inmate's name, but I recall going to the Special 0Housing Unit ("SHU") and speaking with the inmate. The inmate indicated that he did not want to be a witness for the Petitioner and did not want to be involved in his DHO proceedings. This information was relayed to the Petitioner.
>
> I was present at the DHO hearing on March 13, 2013. I recall the Petitioner indicating he wanted that same inmate to sign a written statement that the Petitioner created. I again reiterated to the Petitioner that the inmate did not want to be involved in his disciplinary proceedings. The Petitioner made no other requests and did not request a witness at the hearing.

(Dkt. No. 5-11 at p. 1-2.) Based on this evidence in the record, petitioner's procedural due process rights were not violated at his prison disciplinary hearing as he failed to show that he was not given the opportunity to present a witness. Accordingly, petitioner fails to show that he is entitled to federal habeas relief on Claim II as well.

## IV. CONCLUSION

For the foregoing reasons, the habeas petition will be denied. An appropriate order will be entered.

Dated: March 19, 2014                                        s/Robert B. Kugler
                                                             ROBERT B. KUGLER
                                                             United States District Judge